974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Rudolph PRUITT, Plaintiff-Appellant,
v.
Leroy RUSSELL, Sheriff, Gaston County; Raine Locke Bell;
Joseph Canipe, Captain, Gaston County Sheriff's Department;
David C. Childers; John Doe, One, Gaston County Deputy
Sheriff; John Doe, Two, Gaston County Deputy Sheriff,
Defendants-Appellees.
Robert Rudolph PRUITT, Plaintiff-Appellant,
v.
Leroy Russell, Sheriff, Gaston County; Raine Locke Bell;
Joseph Canipe, Captain, Gaston County Sheriff's Department;
David C. Childers; John Doe, One, Gaston County Deputy
Sheriff; John Doe, Two, Gaston County Deputy Sheriff,
Defendants-Appellees.
 Nos. 91-7177, 91-7204.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 29, 1991
Decided: September 1, 1992
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-91-15-C-C-P)
 Robert Rudolph Pruitt, Appellant Pro Se.
 Frank Bayard Aycock, III, Charlotte, North Carolina; Raine Locke Bell, Gastonia, North Carolina; David C. Childers, Mt. Holly, North Carolina, for Appellees.
 W.D.N.C.
 Remanded.
 Before RUSSELL, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Pruitt appeals from the district court's grant of summary judgment to the Defendants in this civil rights action under 42 U.S.C. § 1983 (1988) and likewise appeals the district court's dismissal of his Motion to Vacate, Fed. R. Civ. P. 59(e), and Motion for Leave to Amend the Complaint. Pruitt's motions were served within ten days of the entry of summary judgment.[1] Before the district court could act on his motions, however, Pruitt filed a Notice of Appeal. The district court then dismissed the motions on the belief that the Notice of Appeal deprived it of jurisdiction. Pruitt filed a second Notice of Appeal. We remand for further consideration of the Rule 59 Motion.
 
 
 2
 A Rule 59 Motion tolls the time for bringing an appeal and also nullifies any notice of appeal filed prior to the disposition of the motion. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Fed. R. App. P. 4(a)(4). The Notices of Appeal thus had no effect on the district court's ability to act.
 
 
 3
 These appeals are not properly before this Court until such time as the district court disposes of the Rule 59 Motion and Pruitt files a timely appeal within thirty days of that order. As the dispositive issues have been decided authoritatively, we dispense with oral argument, dismiss both appeals as premature,[2] and remand the cases to the district court for a ruling on the Rule 59 Motion.
 
 REMANDED
 
 
 [1]
 The date of service rather than the date of filing determines whether Rule 59 motions are timely. Fed. R. Civ. P. 59(e)
 
 
 [2]
 We also deny Pruitt's motion to proceed in in forma pauperis status on appeal in Case Number 91-7177